IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANNIE WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAJUN OPERATING COMPANY, d/b/a )<br>CHURCH'S CHICKEN, )<br>)<br>Defendants. ) | Case No. 20-cv-747-RJD |

**ORDER**

**DALY, Magistrate Judge:**

A jury trial was scheduled in this matter for February 15, 2022 (Doc. 67). The parties had appeared through counsel for the final pretrial conference on November 22, 2021 and the Court had ruled on their motions *in limine* (Docs. 61 and 62). On December 14, 2021, Plaintiff's counsel filed a Motion to Withdraw, explaining to the Court that Plaintiff had fired him (Doc. 68). The Court waited three weeks before ruling on the motion, in order to allow Plaintiff time to respond, if necessary (Doc. 71). Local Rule 83.1(g) allows the Court to deny an attorney's motion to withdraw "if granting it would delay the trial." Nonetheless, the Court granted Plaintiff's counsel's motion, not wanting to force Plaintiff's counsel to try this case after Plaintiff had fired him. On January 3, 2022, the Court ordered Plaintiff to either file notice of her intent to proceed *pro se* or have new counsel appear on her behalf by January 24, 2022 (Doc. 71). Plaintiff did not comply with this Order.

On January 26, 2022, Defendant filed a Motion to Dismiss for Lack of Prosecution (Doc. 72). Plaintiff has never responded to Defendant's motion.

On February 1, 2022, the Court entered a Show Cause Order, requiring Plaintiff to file a pleading with the Court explaining why this matter should not be dismissed for her failure to prosecute (Doc. 73). Plaintiff's response to the Show Cause Order was due on February 11, 2022. The Court warned Plaintiff that if she did not comply, this case would be dismissed with prejudice (*Id.*). The Court then vacated the jury trial set for February 15, 2022 (Doc. 74).

On February 10, 2022, Plaintiff filed a "Motion for Extension of Time to Obtain Legal Counsel" (Doc. 75). She did not provide any explanation to the Court regarding her failure to meet the January 24, 2022 deadline, or explain why this matter should not be dismissed for her failure to prosecute, but asked for more time to find an attorney. The Court granted her request, ordering her to either file notice of her intent to proceed *pro se* or have new counsel appear on her behalf by March 14, 2022 (Doc. 76). The Court also set this matter for a status conference to be held via telephone on March 17, 2022 (*Id.*).

No attorney appeared on Plaintiff's behalf by March 14, 2022. Plaintiff did not file a notice of her intent to appear *pro se*. Plaintiff did not appear for the March 17, 2022 status conference (Doc. 77). The Court entered another Show Cause Order, setting a deadline of March 23, 2022 for Plaintiff to respond (Doc. 78). Plaintiff then filed another Motion for Extension of Time to Obtain Legal Counsel. She also asked to reschedule the teleconference hearing, explaining that she could not attend the March 17, 2022 hearing because of a family emergency. She gave no explanation for why she has been unable to find an attorney, nor does she explain the efforts she has made to find one. At the time Plaintiff filed the motion, more than four months had passed since she fired her previous attorney and more than a month had passed since the jury trial was vacated. Plaintiff disregarded, at least in part, four Court orders: 1) the January 3, 2022 Order to have an attorney appear on her behalf (or file a notice of intent to proceed *pro se*) by January 24,

2022; 2) the February 1, 2022 Order to Show Cause (Plaintiff provided no explanation for her failure to follow the Court's Order, simply asked for more time to find an attorney); 3) the February 10, 2022 Order to have an attorney appear on her behalf (or file a notice of intent proceed *pro se*) by March 14, 2022 and to appear for the status conference on March 17, 2022; 4) the March 17, 2022 Show Cause Order (Plaintiff again provided no explanation for her failure to meet the deadline for obtaining counsel or proceeding *pro se*, again simply asked for more time to find an attorney).

This Court has the "inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute." *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000). Where a *pro se* plaintiff has engaged in "ordinary misconduct" (e.g., failing to comply with an order), dismissal of the matter with prejudice is appropriate after the Court has warned the plaintiff accordingly (though such a warning is not necessarily required). *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) (internal citations omitted). The Court is unwilling to continue warning Plaintiff as this case sits dormant. Plaintiff *had* an attorney, but she fired him two months before the case was set for trial. Accordingly, this matter is **DISMISSED WITH PREJUDICE.** All pending motions are moot and the Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  5/19/2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**